UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRI A. GARCIA,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 1:24-cv-00276-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 9).

Plaintiff presents the following arguments:

1. The ALJ's decision is unsupported by substantial evidence as he failed to find Plaintiff's migraine impairment severe at Step 2 and did not include any limitations in the RFC reflective of Plaintiff's limitations related to her impairment.

2. The ALJ failed to include work-related limitations in the RFC consistent with

1

the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints.

(ECF No. 15 at 2).[1] Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows.

## I. DISCUSSION

### A. Legal Standards

If a claimant has a medically determinable impairment (MDI), the ALJ must determine "whether [the] impairment(s) is severe," which is referred to as Step Two. 20 C.F.R. § 404.1521. A "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The "ability to do basic work activities," in turn, is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The Ninth Circuit has provided the following guidance regarding whether medically determinable impairments are severe under Step Two:

> An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." [*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)] (internal quotation marks omitted) (emphasis added); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985). Step two, then, is a "de minimis screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments. *See also Yuckert*, 841 F.2d at 306 ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

*Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 686.

---

[1] Page citations refer to the pagination appearing at the bottom of each page, not the blue page numbers generated by the CM/ECF system.

Any error in failing to find an impairment severe at Step Two is harmless where the ALJ considers the limitations posed by the impairment in the Step Four analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (error at Step Two was harmless where ALJ considered any limitations posed by condition at Step Four).

**B. Analysis**

**1. Step Two Finding Migraines Not Severe**

Plaintiff argues that the ALJ erred at Step Two by failing to find Plaintiff's migraine impairment was severe. As a result, Plaintiff argues that the ALJ's decision is unsupported by substantial evidence and the RFC assessment failed to reflect limitations related to that impairment.

At Step Two, the ALJ concluded that Plaintiff's "headaches/migraines considered with Cervical DDD" ("migraines") were not a severe impairment. (*Id.*) The sole basis identified by the ALJ for concluding Plaintiff's migraines were not severe at Step Two was that "[t]he record . . . shows that the claimant had a history of migraines, with normal brain imaging." (A.R. 20). [2]

The record cited by the ALJ in support is a report from a "comprehensive internal medicine evaluation" performed by Dr. Roger Wagner on December 7, 2020.[3] (A.R. 621). Under "History of Present Illness," Dr. Wagner noted the following:

> Acute onset memory problems. The claimant has a history of headaches for many years diagnosed as migraine headaches. She had a history of some confusion after the headaches but this was generally fairly transient but in February 2019[4] had a bad headache and had the acute onset of memory problems and cognitive slowing which has been persistent since that time. She has been getting a workup via neurologist and has a neurologist appointment later this week. She apparently had brain scans which revealed no abnormal findings. The etiology is not clear.
>
> The claimant tells me that she tries not to cook on the stove because she is afraid she might leave something cooking there. She tells me she has not driven since around the time of the onset of that confusion. On today's exam the claimant was a bit vague in terms of memory of exact timing of events but otherwise was answering questions quickly and appropriately without obvious confusion. Will defer further evaluation of the cognitive state to the appropriate experts.

---

[2] "A.R." indicates citations to corresponding pages in the administrative record.

[3] Plaintiff's "application date" was determined to be August 5, 2020. (*See* A.R. 18). Plaintiff's alleged onset date is unclear. *Compare* A.R. 62 (February 15, 2019) *with* A.R. 230 ("My disability began on February 15, 2018.").

[4] Under "Review of Records" Dr. Wagner's report lists "[m]edicine clinic note from approximately September 2020 which notes acute onset of memory problems." (A.R. 621).

3

(A.R. 621-622). Plaintiff's "Past Medical History" states "[s]ignificant for headaches." (A.R. 622). "Diagnoses" lists "Memory and cognitive problems. The claimant has a history of migraines. Following one particularly bad migraine she noted that her memory and cognitive problems had persisted. Will defer further evaluation of this to the appropriate experts." (A.R. 625).

The Court finds that the ALJ's conclusion at Step Two was not supported by substantial evidence. The ALJ noted only that Dr. Wagner's report showed Plaintiff had "normal brain imaging" but the ALJ did not discuss other evidence or explain how normal brain scans from one medical record meant that Plaintiff's migraines were not severe. (A.R. 20). Further, the ALJ was required to consider Plaintiff's subjective symptoms, such as Plaintiff's testimony at the hearing that she sometimes has migraines a couple days per week and "headaches" between three and four times per week, with migraines lasting "hours or days" where Plaintiff is unable to do anything. (A.R. 51-52); *see Smolen*, 80 F.3d at 1290 (observing the ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity.") (citations omitted). The ALJ also did not evaluate the record's multiple references to Plaintiff's migraines and cognitive problems. (*See*, *e.g.*, A.R. 814, 818, 822, 831, 838 (evaluations in 2021, 2022, and 2023, noting factors potentially contributing to Plaintiff's cognitive problems including headaches and pain)).

Accordingly, the Court concludes that the ALJ's finding that Plaintiff's migraines were not severe at Step Two is not supported by substantial evidence.

### 2. Whether Error was Harmless

Having concluded that this was error, the Court turns to whether this error was harmless.

The ALJ's RFC for Plaintiff is as follows:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except occasionally climb; frequently stoop, kneel, crouch, and crawl; and occasionally balance. The claimant can occasionally work around heavy machinery with fast moving parts or unprotected heights. The claimant can understand and remember simple tasks; maintain attention, concentration, and pace for simple tasks; have occasional contact with coworkers or public; but have occasional supervisory contact other than periods of instruction (periods of instruction being the initial training and explanation of changes to job tasks or routine). The claimant can perform simple work-related decisions and tolerate

4

occasional changes to job routine or tasks with explanation provided.

(A.R. 22). The Commissioner argues that any error at Step Two was harmless because, relying on *Lewis*, "the ALJ discussed Plaintiff's alleged neuropathy later in the decision, curing any error" and "[i]n fact, the ALJ specifically adopted limitations to address." (ECF No. 20 at 8) (citations omitted). *See Lewis*, 498 F.3d at 911 (error at Step Two harmless where ALJ considered impairment's limitations at Step Four analysis of RFC). Further, the Commissioner argues that harmful error cannot be alleged, "[b]ecause the ALJ discussed both Plaintiff's migraine headaches and memory problems thoroughly in the discussion." (*Id.*).

Plaintiff contends that "[t]he ALJ's failure to incorporate limitations to account for Plaintiff's debilitating headaches cannot be found to indicate that the ALJ's error is harmless," because the RFC included "environmental limitations" but at no point did Plaintiff indicate that her migraines caused problems with environmental conditions. (ECF No. 15 at 5). Further, Plaintiff points out that because she testified that she has headaches up to four times per week, and the vocational expert testified that being off work more than fifteen percent of the workday would be work preclusive, Plaintiff's condition is work preclusive. Relatedly, Plaintiff contends that the ALJ "must not only consider the Plaintiff's maximum RFC, but also whether she is able to *sustain* such activity," citing case law and regulations. (ECF No. 15 at 5-6) (emphasis in Plaintiff's Brief).

After consideration, the Court cannot conclude that the ALJ's error was harmless and remands for further consideration of additional limitations, if any, associated with Plaintiff's migraines.

The Court agrees with the Commissioner that portions of the ALJ's opinion in Step Four refer to Plaintiff's migraines. For example, the ALJ summarizes Plaintiff's testimony regarding migraines and cites to various medical records referencing the migraines. *See, e.g.*, A.R. 22-23 (citing various exhibits including records showing Plaintiff reported frequent or severe headaches multiple times, was assessed with "migraine without aura," and was noted as having a long history of migraines); *see also* A.R. 26 (citing the opinions of R. Fast, M.D., and M. Acinas, M.D., who noted that "the longitudinal evidence does not support intractable headaches"). Additionally, the ALJ discusses and relies on various medical opinions regarding Plaintiff's

mental and physical limitations generally, including limitations associated with memory function.

However, other aspects of the ALJ's opinion call into question whether the ALJ adequately assessed and accounted for limitations associated with Plaintiff's migraines. The one time the ALJ explicitly addressed such limitations was, after considering the opinions of Fast and Acinas, the ALJ stated, "I find environmental limitations to address the claimant's migraines and balance issues." (A.R. 26). However, the ALJ does not cite to any evidence that Plaintiff's migraines required, or were addressed by, environmental limitations.

Moreover, although the ALJ's opinion addresses Plaintiff's allegations of memory limitations, it is not clear to what extent, if any, the ALJ and the medical experts assessed any limitations needed to Plaintiff's work schedule to account for the migraines themselves. Plaintiff testified she had migraines between "a couple days" and headaches up to "three, four days a week." (A.R. 51). When Plaintiff was asked if she could do anything during a migraine, Plaintiff responded, "No, I just want to sit and cover up and just get the pain away." (A.R. 51-52). The ALJ's opinion does not specifically address these allegations or explain whether they would require any limitations in the RFC.

Thus, the Court cannot conclude on this record that the error at Step Two was harmless. Therefore, the Court finds remand is warranted.[5]

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is REMANDED. On remand, the ALJ should address what, if any, additional limitations should be added to the RFC regarding Plaintiff's migraines, and whether any change to the RFC affects the ALJ's ultimate decision regarding disability. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.
IT IS SO ORDERED.

Dated:   **January 6, 2025**         /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[5] In light of this finding, the Court does not address Plaintiff's other arguments regarding whether the ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer any reason for rejecting Plaintiff's subjective symptoms.